IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-02355-WYD-CBS
(Consolidated with Civil Action No. 07-cv-00515)

LESLIE WEISE and
ALEX YOUNG,

    Plaintiffs,

v.

MICHAEL CASPER, in his individual capacity;
JAY BOB KLINKERMAN, in his individual capacity;
GREG JENKINS, in his individual capacity;
STEVEN A. ATKISS, in his individual capacity;
JAMES A. O'KEEFE, in his individual capacity;
JOHN/JANE DOES 1-2, both in their individual capacities,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiffs' Motion to Consolidate or Transfer, filed April 25, 2007 (docket #88) (the "motion"). In the motion, brought pursuant to Fed. R. Civ. P. 42, Plaintiffs seek consolidation of this case with *Weise et. al v. Jenkins et. al*, United States District Court Civil Action No. 07-cv-00515-EWN-MEH, (the "Jenkins Case"). Because the instant case is the lower numbered case, I will rule on the proposed consolidation. *See* D.C.Colo.LCivR 42.1. While the motion states that Defendants Casper and Klinkerman object to the proposed consolidation, no objections have been filed. I note that the motion affirms that the Defendants in the Jenkins Case do not object to the proposed consolidation.

Upon review of the motion, it appears that consolidation of the two cases is

appropriate under Rule 42(a).  Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  Consolidation is within the discretion of the trial court.  *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).

It appears that the instant case and the Jenkins case arise out of the same set of facts.  Both cases arise out of an incident that occurred during a public appearance by President George W. Bush on March 21, 2005.  Plaintiffs alleged that they were ejected from the public appearance by Defendants because of Defendants' perception that Plaintiffs' viewpoint on public issues differed from the President's viewpoint.  In addition, Plaintiffs bring each case pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  In the instant case, Plaintiffs allege that Defendants Casper, Klinkerman and others, acting under color of law, violated Plaintiffs' First and Fourth Amendment rights by ejecting them from the event.  In the Jenkins case, Plaintiffs allege that their ejection was based on a policy created or enforced by Defendants Jenkins, Atkiss and O'Keefe.

Upon review of the Complaint filed in this case and the Complaint filed in the Jenkins Case, I find that the two cases involve common questions of law and fact, and I conclude that consolidation of the two cases is appropriate.  Accordingly, it is hereby

ORDERED that Motion to Consolidate or Transfer, filed April 25, 2007 (docket

#88), is **GRANTED**. It is

FURTHER ORDERED that this case shall be consolidated with *Weise et. al v. Jenkins et. al*, United States District Court Civil Action No. 07-cv-00515-EWN-MEH, It is

FURTHER ORDERED that as of the date of this Order, all pleadings and other filings shall be filed in this case only, using the caption appearing in this Order. It is

FURTHER ORDERED that the clerk shall docket a copy of this Order in Civil Action No. 07-cv-00515. It is

FURTHER ORDERED that the Unopposed Motion to Stay Proceedings Until Action By the Court of Appeals, filed May 2, 2007 in *Weise et. al v. Jenkins et. al*, United States District Court Civil Action No. 07-cv-00515-EWN-MEH, (docket #9) is **DENIED AS MOOT**.

Dated:  May 25, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge